# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1411015404 |
| | ) | |
| JAMAAL DEARRY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 24, 2017
Decided: July 21, 2017

**Upon Defendant's Motion for Postconviction Relief: DENIED**

This 21st day of July, 2017, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. Jamaal Dearry was indicted in December 2014, along with several co-defendants, for racketeering and conspiracy, as well as various firearm and drug charges based on evidence found during a search of Dearry's residence at 51 Brookside Boulevard, Newark, Delaware (the "Residence").[1] According to the affidavit of probable cause supporting Dearry's arrest warrant, the search of the Residence was conducted pursuant to a search warrant.[2] At the time of the search, keys were found in Dearry's front pocket that opened two safes in his bedroom.

---

[1] D.I. 2.

[2] In his Motion, Dearry initially acknowledges the officers had a search warrant for the premises, but later argues otherwise. *See* D.I. 24.

The safes contained significant quantities of heroin, methamphetamine, marijuana, oxycodone, and crack cocaine, two loaded handguns, and a picture of Dearry and an unknown woman. The magazine of one of the handguns bore Dearry's fingerprint. Dearry jointly was charged with several co-defendants who were apprehended and indicted for racketeering based on an investigation dubbed "Operation Son Sun."

2. Donald R. Roberts, Esquire ("Trial Counsel") represented Dearry throughout the case. Dearry's criminal record included past convictions for drug and gun-related felonies and, at the time of his arrest, he was on probation for two such charges. Five months after he was indicted, Dearry pleaded guilty to one count of Possession of a Firearm by a Person Prohibited ("PFBPP"), one count of Possession of a Firearm during the Commission of a Felony (PFDCF"), and one count of Drug Dealing Tier 2.[3]

3. In connection with his plea, Dearry signed a Truth-in-Sentencing Guilty Plea form in which he (i) denied he was forced to enter into the plea, and (ii) acknowledged he was waiving certain constitutional rights, including the right to proceed to trial and force the State to prove the charges against him. Dearry also acknowledged on the form that he was satisfied with his lawyer's representation and that he had been advised fully of his rights.

---

[3] D.I. 13.

4.     Before accepting the plea, the presiding judge engaged in a colloquy with Dearry regarding his decision to plead guilty and the rights he was waiving by so doing.     During that hearing, Dearry acknowledged signing the Truth-in-Sentencing form and confirmed he reviewed the form with Trial Counsel and truthfully answered the questions on it.[4] The presiding judge reviewed with Dearry the three charges to which he was pleading guilty.   Dearry admitted committing each of those crimes.[5]  The judge also reviewed with Dearry the constitutional rights he was waiving by pleading guilty, as well as the potential sentence he was facing as a result of the guilty plea, which was 15 to 55 years at Level V.[6]  Dearry agreed that he accepted the guilty plea, at least in part, to avoid the life sentence he would have faced if he was convicted at trial on all counts in the indictment.[7]  The presiding judge then engaged in the following discussion with Dearry:

> THE COURT: Now, this is very important.  So much of what you're doing now is important, Mr. Dearry, but let's focus closely on this for a moment.  Once this plea is accepted today, it is going to be almost impossible for you to find a way back out of it.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
>        \*       \*       \*

---

[4] *State v. Dearry*, ID No. 411015404, at 7 (Del. Super. May 12, 2015) (TRANSCRIPT).
[5] *Id.* at 5-7.
[6] *Id.* at 9-10.
[7] *Id.* at 4, 10.  Had he been convicted at trial, Dearry likely would have been declared and sentenced as a habitual offender. *See id.* at 4.

3

THE COURT: And another especially important question is, are you satisfied with the work that Mr. Roberts has performed for you as your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: And are you satisfied that entering this plea is a knowing, voluntary, and intelligent thing that you are doing?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: All right. If you've got any problems with Mr. Roberts, you've got the Court's undivided attention right now. Once this plea is entered, the Court is not going to - - the Court is going to be skeptical of you complaining that Mr. Roberts somehow has let you down or put pressure on you or anything like that. Do you follow me?

THE DEFENDANT: Yes, sir.

THE COURT: So, is there anything at all that we need to talk about concerning your feelings toward Mr. Roberts?

THE DEFENDANT: No, sir.

THE COURT: So, as far as you can tell, Mr. Roberts seems to have done as best a job as he could have in this situation?

THE DEFENDANT: Yes, sir.[8]

The judge thereafter accepted Dearry's plea, holding it was knowing, intelligent, and voluntary.[9]

5. Dearry was sentenced on January 22, 2016 as follows: (i) as to PFBPP, ten years at Level V; (ii) as to PFDCF, five years at Level V, and (iii) as to

---

[8] *Id.* at 9-11.
[9] *Id.* at 11.

Drug Dealing, five years at Level V, suspended for 18 months at Level III.[10]  In other words, Dearry's unsuspended Level V sentence was the minimum sentence required by Delaware law.

6.    Dearry filed this Motion for Postconviction Relief on January 19, 2017.[11]  In it, he alleges he was entitled to relief because Trial Counsel was ineffective for failing to file a motion for relief from prejudicial joinder and a motion to suppress evidence.  Due to disability, Trial Counsel was unable to respond to the Motion by affidavit.[12]  The State filed its response on April 4, 2017, arguing Dearry's claims procedurally are barred and fail on their merits.[13]  Dearry replied to the State's argument on April 24, 2017.[14]

## ANALYSIS

### A. Procedural bars to Dearry's claims

7.    Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[15]  A motion for postconviction relief may be barred for timeliness and repetition, among other things.  A motion filed under Rule 61 is untimely if it is

---

[10] *State v. Dearry*, ID No. 1411015404 (Del. Super. Jan. 22, 2016) (SENTENCING ORDER). Dearry's sentence was effective November 24, 2014.
[11] D.I. 24.
[12] D.I. 31.
[13] D.I. 32.
[14] D.I. 34.
[15] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

5

filed more than one year after a final judgment of conviction.[16] A defendant also is barred from filing successive motions for postconviction relief.[17] The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[18] Finally, the rule bars consideration of any ground for relief that previously was adjudicated in the case.[19]

8.　　Dearry's Motion was filed less than a year after his sentence became final and it therefore is timely. The Motion alleges ineffective assistance of counsel, which could not be raised at any earlier stage in the proceedings.[20] Although the State argues Dearry's Motion is barred because his counsel did not move to sever Dearry's charges or suppress evidence during the proceedings leading up to his conviction, that argument misconstrues Rule 61(i)(3). The fact that counsel did not raise an argument or objection during the proceedings does not bar a defendant from alleging counsel's failure amounted to ineffective assistance,

---

[16] Super. Ct. Crim. R. 61(i)(1).
[17] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[18] *Id.* 61(i)(3).
[19] *Id.* 61(i)(4).
[20] *Whittle v. State*, 138 A.3d 1149 (Del. 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

6

and ineffective assistance claims may not be raised until postconviction proceedings.[21]

## B. Dearry has not shown Trial Counsel was ineffective.

9.     Dearry contends Trial Counsel was ineffective because he failed to (i) move to sever Dearry's charges from his co-defendants' charges for purposes of trial, and (ii) file a motion to suppress the evidence obtained in the search of Dearry's residence.  As to prejudicial joinder, Dearry argues his joinder with the other defendants, who were implicated as co-conspirators through wiretaps, video surveillance, or confidential informants, was prejudicial because the State offered no evidence linking him to any involvement in the conspiracy or racketeering.[22] Dearry argues none of the investigators knew who he was and the State had no evidence linking him to the racketeering investigation or charges.  For that reason, Dearry argues, the State could not establish that he was associated in fact with his co-defendants and his joinder under Rule 8 was erroneous.  Severance would have been required, Dearry contends, because there was "an absence of substantial independent competent evidence of his guilt" and the State would have had

---

[21] *See, e.g. Malloy v. State*, 2011 WL 1135107, at *2 (Del.  Mar. 28, 2011) (citations omitted) ("Claims of ineffective assistance of counsel, however, are excused from [the Rule 61(i)(3)] requirement because these claims generally cannot be raised at trial or on direct appeal. Moreover, claims of ineffective assistance of counsel, if substantiated, can establish cause for a defendant's failure to raise his claims sooner."); *Brodie v. State*, 2011 WL 927673, at *1 (Del. Super. Mar. 17, 2011) (same); *State v. Ross*, 2004 WL 2735515, at *2 (Del. Super. Nov. 22, 2004) (same).
[22] D.I. 24.

difficulty segregating its evidence "as between the co-defendant and the Movant."[23] With respect to the motion to suppress, Dearry asserts the warrant that led to the search of the Residence "could only have been for Kenneth Hall's [a co-defendant's] arrest," because the police lacked evidence of any link between Residence and the racketeering investigation. Dearry therefore contends the search exceeded the scope of the warrant because Hall was not in the Residence and the police should have left the Residence immediately upon learning Hall was not there. Dearry also contends his room was a "separate and distinct sublet dwelling" for which he paid rent, and the police were not authorized to search it. Dearry therefore argues Trial Counsel was ineffective in failing to move to suppress the evidence obtained during the search.

10.    To prevail on a postconviction claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must establish that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) but for counsel's unprofessional errors, there is a reasonable possibility the defendant would not have pleaded guilty and instead would have insisted on going to trial.[24] There is a strong presumption that counsel's representation was reasonable.[25]

---

[23] *Id.*
[24] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[25] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

8

Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[26]

11.     As to Trial Counsel's failure to seek relief from prejudicial joinder, Dearry has not shown that, but for that alleged error, he would not have pleaded guilty. Although he was charged with racketeering and conspiracy, he did not plead guilty to those charges. Had Dearry's case been severed for trial, the State still would have presented the evidence obtained during the search of his Residence, which formed the basis for the majority of the charges against him and all the charges to which he pleaded guilty. Dearry's argument fails for lack of specific allegations of actual prejudice demonstrating a reasonable probability he would not have entered into the plea.

12.     As to Trial Counsel's failure to move to suppress, Dearry has not shown Trial Counsel's decision fell below an objective standard of reasonableness. Dearry's argument is premised on the notion that the police searched the Residence based on an arrest warrant for Hall, but the affidavit of probable cause in Dearry's arrest warrant indicates the police searched the Residence only after obtaining a search warrant. Dearry has not presented any basis on which Trial Counsel might have challenged such a search warrant. The fact that neither Dearry, nor the Residence's owner, were implicated in the racketeering investigation does not call

---

[26] *Id.*; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).

9

into question the officers' probable cause to search the Residence, including Dearry's room.[27] Based on that record, Dearry has not overcome the strong presumption that Trial Counsel's representation was reasonable.

13. Moreover, Dearry specifically and repeatedly was asked, both on the Truth-in-Sentencing Guilty Plea form and by the judge who accepted his plea, whether he had any objections or concerns as to Trial Counsel's representation. The presiding judge advised Dearry that the time to raise any such concern was at the guilty plea hearing and that raising the argument later would prove difficult. Dearry confirmed, both in writing and in his oral representations to the Court, that he was satisfied with Trial Counsel's representation and believed he had done a good job representing Dearry under the circumstances. A defendant is bound by the statements he gives during the plea colloquy absent clear and convincing evidence that he did not understand the plea agreement, was forced to accept the plea, or was not satisfied with counsel's representation.[28] Dearry has not met this heightened standard. In fact, Dearry has not advanced any allegations challenging the presiding judge's finding that the plea was knowing, intelligent, and voluntary.

---

[27] *See Zurcher v. Stanford Daily*, 436 U.S. 547, 554 (1978) (holding a search warrant is valid under the Fourth Amendment is there is probable cause to believe that fruits, instrumentalities, or evidence of a crime will be found, even if the parties occupying the property are not implicated in the crime). Although Dearry's lease of the room might be relevant were the Court considering whether the police were authorized to search under an exception to the warrant requirement, such as consent, it is irrelevant where the police had a warrant to search the entire premises.

[28] *Somerville v. State*, 703 A.2d 629, 632 (Del. 2008).

For all the foregoing reasons, Jamaal Dearry's Motion for Postconviction Relief is **DENIED. IT IS SO ORDERED**.

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   John S. Taylor, Deputy Attorney General
      Jamaal Dearry, *pro se* (SBI No. 00511795)